IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| BARRY C. HIGGINBOTHAM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 06-PWG-1135-S |
| | ) | |
| ALABAMA ALCOHOL BEVERAGE CONTROL BOARD, ET AL., | ) ) | |
| | ) | |
| Defendants. | ) | |

MEMORANDUM OF OPINION

On June 9, 2006 plaintiff filed a complaint alleging both federal claims pursuant to 42 U.S.C. § 1983 and state law claims. On June 30, 2006 the magistrate judge entered his findings in this case and recommended that the federal claims be dismissed as failing to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and that the court decline to exercise supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(c)(3). The parties were allowed fifteen days from the entry of the magistrate judge's findings and recommendation in which to file objections. Objections were filed July 14, 2006 by plaintiff.

In his objections, plaintiff argues that Judge Karon Bowdre erred in dismissing on statute of limitations grounds CV06-BE-99-S, plaintiff's previous action based on the same facts as this action. Rather than file a timely appeal from that decision, plaintiff filed this new action. Plaintiff argues that he did not learn until January 16, 2004 of the substance of the search warrant affidavit and therefore, CV06-BE-99-S filed on January 17, 2006 was timely filed. This action, CV06-PWG-1135-S, was not filed until June 9, 2006, and the Fourth Amendment claim is clearly barred by the statute of limitations.

The Fourteenth Amendment equal protection claim, the only other federal claim, fails to state a claim under federal law. The equal protection claim is based on defendants' "refusal to acknowledge" plaintiff's claims that he was entrapped and that an ABC officer submitted perjured testimony both in an affidavit in support of a search warrant and in testimony in state court. Plaintiff also bases his equal protection claim on defendants' refusal to criminally prosecute the officers who conducted the alleged illegal search and seizure. Any constitutional defects by virtue of concealment of the alleged entrapment or perjured testimony were eliminated when the criminal proceeding terminated in plaintiff's favor. See *Rowe v. City of Fort Lauderdale*, 8 F. Supp. 2d 1369, 1373-74 (S.D. Fla. 1998); *McCune v. City of Grand Rapids*, 842 F.2d 903, 907 (6th Cir. 1988). Further, in *Oyler v. Boles*, 368 U.S. 448, 456 (1962), the United States Supreme Court indicated that to show a constitutional violation there must be a showing of selection deliberately "based upon an unjustifiable standard such as race, religion or other arbitrary classification." Plaintiff apparently argues that he was selected as a person who entered upon the property of a store licensed to sell alcohol. Plaintiff alleged in his complaint that he worked at the store. In any event, plaintiff has made no showing of selection deliberately based upon an unjustifiable standards.

In his complaint, plaintiff refers to the Alabama Code in arguing that defendants have violated various criminal code sections and are also liable for various civil actions. Specifically, plaintiff refers to Alabama statutory law with respect to allegations concerning entrapment, menacing, slander, solicitation to commit a crime, breaking and entering a vehicle, harassment, perjury, criminal coercion, complicity, malicious prosecution, and false imprisonment. All claims, including the malicious prosecution claim were presented as state law claims rather than § 1983 claims in the complaint. The court DECLINES to exercise supplemental jurisdiction over plaintiff's state law claims.

Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation and objections thereto, the Court is of the opinion that the magistrate judge's findings are due to be and are hereby ADOPTED and the recommendations are ACCEPTED. Accordingly, plaintiff's objections are due to be OVERRULED and the complaint is due to be DISMISSED as failing to state a claim upon which relief can be granted. The court DECLINES to exercise supplemental jurisdiction over the state law claims.

A Final Judgment will be entered.

As to the foregoing it is SO ORDERED this the 10th day of August, 2006.

*/s/ Robert B. Propst*

**ROBERT B. PROPST**
**SENIOR UNITED STATES DISTRICT JUDGE**